NEREIDA RODRÍGUEZ, demandante y recurrida, *v.*
LUIS TORRES AGUIAR, demandado y recurrente.

Número 12063.

*Sometido:* 13 de noviembre de 1957. *Resuelto:* 17 de octubre de 1958.

*Francisco Torres Aguiar* y *José Raúl Cancio* (en el alegato) y *Jorge L. Córdova* (en la vista), abogados del recurrente; *Gustavo L. Marrero Ledesma,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Al divorciarse de su anterior esposo el doctor Luis Torres Aguiar, la señora Nereida Rodríguez, obtuvo como cónyuge inocente, la patria potestad sobre los dos hijos habidos en el matrimonio. La sentencia de divorcio se dictó el 18 de agosto de 1950, cuando el hijo mayor Luis Rafael Torres Rodríguez tenía casi tres años de edad y la hija menor Lureida María Torres Rodríguez menos de dos años de edad. Por estar sufriendo de cierto "desajuste emocional debido a la agrupación de problemas del momento", (t. 31), la señora Nereida Rodríguez firmó el 29 de agosto de 1951 un convenio con su anterior esposo, concediéndole a éste "la custodia absoluta de los dos hijos antes mencionados habidos en su matrimonio a los fines de que ellos puedan tener la alimentación, cuido y demás necesidades debidamente cubiertas", (t. 79). Parece que este convenio de las partes fue aprobado por el Tribunal Superior. La señora Nereida Rodríguez estuvo

bajo tratamiento siquiátrico hasta el 1954, (t. 32). Sintiéndose recuperada de su crisis emocional, el día 14 de febrero de 1956, la señora Nereida Rodríguez solicitó del Tribunal Superior que le restituyera la custodia de sus dos hijos.

Después de la correspondiente vista, por resolución del 10 de julio de 1956, reafirmada por orden del 20 de julio de 1956 negándose a reconsiderar, la ilustrada Sala sentenciadora ordenó que se le entregaran a la madre los dos hijos habidos en su matrimonio con el peticionario en este caso. Los fundamentos que tuvo la ilustrada Sala sentenciadora para dejar sin efecto el convenio de las partes podrían sintetizarse de la siguiente manera: estando el bienestar y mejores intereses de los hijos igualmente garantizados en ambos hogares, debe prevalecer el derecho de patria potestad de la madre concedido por la sentencia de divorcio. Esta conclusión del Juez recurrido parece indicar que dicho magistrado descartó la versión de la madre, en el sentido, de haber observado cierta "inseguridad emocional" en sus hijos, (t. 24. 45 y 75).

■■■ Es difícil configurar la patria potestad como un derecho, capaz de convertirse en el factor determinante en un caso como el presente. No hay que olvidar que este complejo de derechos y deberes que constituye la patria potestad, descansa en el supuesto de una relación familiar no alterada por el divorcio. Aun partiendo del principio de la igualdad de condiciones en los hogares de ambos padres, todavía existe un extremo benéfico que debe indagarse más a fondo: cómo afectaría al bienestar de los menores el nuevo cambio de hogar.

El concepto "bienestar del menor" incluye diversos factores de orden moral, síquico, cultural y económico. Los intereses humanos envueltos en la determinación de la custodia de menores no permiten que se resuelva un problema de tanta categoría mediante la mera aplicación del concepto jurídico de la patria potestad. La obligación judicial de

hacer conclusiones epecíficas sobre los diversos factores comprendidos en el bienestar del menor, no puede dejarse a merced de las admisiones que puedan hacer las partes o sus abogados, durante la vista del caso.

Desde el 29 de agosto de 1951 fecha en que se firmó el convenio, hasta mediados de 1956 habían transcurrido casi cinco años. De acuerdo con la sicología infantil, estos años resultan ser los más decisivos para la formación del carácter del niño. No sabemos si pasarlos ahora a otra aura familiar perjudicaría el desarrollo posterior de su personalidad: *Kovacs* v. *Brewer*, 356 U.S. 604 (Frankfurter, disidente) (1958), cita precisa a la pág. 610. Entendemos, asimismo, que el tribunal debe proceder a determinar por todos los medios a su alcance, incluyendo el nombramiento de un perito por el propio tribunal, si la recuperación emocional de la madre ha sido total y definitiva. No nos parece suficiente, en este sentido, la afirmación de la madre y la observación del Juez durante la vista del caso. Por supuesto, al decidir nuevamente sobre la custodia de dichos menores, se deberá tener en cuenta la totalidad de las circunstancias según éstas existan al momento de resolver la cuestión.

*Debe revocarse la resolución recurrida y devolverse el caso para una nueva vista, a los fines de investigar cómo afectaría al bienestar de los menores la nueva custodia propuesta.*

Los Jueces Asociados señores Serrano Geyls y Hernández Matos no intervinieron.