LUCIANO N. N. N., demandante y recurrido, *v.* JUANA N. N. N., demandada y recurrente.

*Número:* R-65-202      *Resuelto:* 5 de septiembre de 1967

*Mario A. Rodríguez,* abogado de la recurrente; *Frank A. Colón Rivera,* abogado del recurrido.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Se trata de un menor, puesto por su madre bajo la custodia de su abuela materna desde que nació. Tanto el padre como la madre del menor han constituido, cada uno por su lado, distintos hogares. El padre ahora reclama que se le entregue a su hijo para que viva con él, su esposa y sus tres hijas, de uno, dos y tres años de edad. Existe un verdadero lazo afectivo entre la abuela y su nieto de cuatro años, uno de esos lazos que sólo puede crear la reunión de la inocencia con la sabiduría. El informe de la trabajadora social habla bien de ambos hogares, pero la ilustrada Sala sentenciadora, considerando la edad de la abuela, llega a la

conclusión que sólo le restan diez años de vida, y es mejor que pase ahora el menor a casa de su padre, aunque reconoce que la separación del nieto de la abuela tendrá que producirle al niño cierto impacto emocional que la Sala espera será pasajero.

Creemos que éste es un caso, en el cual, el estado afectivo creado por la tierna convivencia de la infancia, debe mantenerse en ausencia de una prueba clara de verdadero riesgo para el menor. No hace mucho tiempo, resolvimos que el concepto "bienestar del menor" incluye diversos factores de orden moral, psíquico, cultural y económico y que los intereses humanos envueltos en la determinación de la custodia de menores no permiten que se resuelva un problema de tanta categoría mediante la mera aplicación del concepto jurídico de la patria potestad—*Rodríguez* v. *Torres*, 80 D.P.R. 778 (1958), cita precisa a la pág. 780. Igual razonamiento nos parece aplicable a una situación como ésta, en que sólo está envuelta la probabilidad de un futuro bienestar a costa de otras ventajas intimistas.

Es sólo el propio bienestar del menor el que nos cohibe en estos momentos de hacer el análisis de una conducta paterna que dista mucho de ser ejemplar.

*Por las razones expuestas se revoca la sentencia dictada por la Sala de Bayamón del Tribunal Superior de Puerto Rico de fecha 14 de septiembre de 1965 en el caso civil Núm. CS-65-872 de dicha Sala y se ordena que el menor permanezca en la custodia de su abuela.*