ENRIQUE IRIZARRY, ALFREDO y CONSUELO ESCALONA, demandantes y recurrentes, *v.* LUIS O. IRIZARRY, demandado y recurrido.

*Número:* R-68-245      *Resuelto:* 18 de febrero de 1970

*Edelmiro Salas García* y *Aurelio Roque Delgado,* abogados de los recurrentes; *Francisco Torres Aguiar,* abogado del recurrido.

Se cuestiona la determinación del tribunal de instancia al efecto de que luego de muerta la autora de sus días, la niña Consuelo de los Angeles Irizarry, de 13 años de edad cuando se dictó la sentencia en este caso, continuara bajo la custodia de su padrastro, el recurrido Dr. Luis Oscar Irizarry, con quien ha vivido desde la edad de cuatro años, en lugar de pasar al hogar de sus abuelos maternos recurrentes.

Apuntan los recurrentes que el tribunal de instancia incidió (1) en la apreciación de la prueba; (2) al negarse a admitir prueba sobre lo acontecido durante el primer matrimonio del recurrido; (3) al atribuir a los nietos de los recurrentes filiación distinta con la cual los despoja del derecho a suceder a su abuela; (4) al consolidar en su sentencia otro caso con el de autos; y (5) al imponer a los recurrentes el pago de honorarios de abogado.

Debe confirmarse dicha determinación por los fundamentos relacionados por el tribunal de instancia, a saber:

El recurrido ha cuidado de dicha niña como un verdadero padre desde que la niña tenía cuatro años y el niño cinco y de un hermano mayor de ella cuando aquél contrajo matrimonio con la madre de éstos, hasta que dicha madre murió. Determinó el tribunal de instancia que el recurrido "los ha provisto dentro de sus medios de todo lo necesario; ha velado siempre por su mayor seguridad y mejor bienestar; les ha dado la mayor atención personal, así como también con la

ayuda de su ama de casa, la señora Ramona Colón Rivera, y de otros miembros de la familia. Desde que murió su madre la niña Consuelo de los Angeles ha vivido felizmente al lado del Dr. Luis O. Irizarry y ha manifestado una voluntad inconmovible de continuar así viviendo. El tribunal está convencido de que esta situación promueve el bienestar de la niña." *N.N.N.* v. *N.N.N.*, 95 D.P.R. 291 (1967).

El recurrido tiene suficiente solvencia económica para la adecuada atención y educación de dicha niña.

La felicidad y seguridad de ambos menores están mejor garantizadas continuando viviendo cada uno de ellos donde han vivido desde hace más de un año, la niña con el recurrido y el niño con los recurrentes.

Dijo el tribunal de instancia que "En el caso de autos nos enfrentamos a una situación que conlleva dividir la custodia de los menores entre partes distintas, cuando lo normal sería que esos menores, por lo menos en su minoridad, vivieran bajo un mismo techo. No obstante, debemos reconocer que si bien es cierto que la custodia dividida no constituye el bien mayor, en este caso es una transacción necesaria porque es lo único que resulta menos oneroso para esos menores. Siendo circunstancias excepcionales a las que nos enfrentamos, la política general contra la custodia dividida debe ceder ante la promoción del bienestar de los menores, especialmente cuando se trata de niños de 13 y 14 años de edad, niños inteligentes y de madurez poco común para sus edades y que habrán de residir a distancias cortas uno del otro, lo que les permitirá reunirse con frecuencia. La custodia dividida ha sido aprobada por la mayoría de los tribunales cuando esa división es consistente con el mejor bienestar de los menores."

Los siguientes tres apuntamientos son inmeritorios.

En cuanto al quinto apuntamiento, examinado el récord, concluimos que no existió la temeridad de parte de los recurrentes que justificaba la imposición de honorarios de abogado. Por lo tanto, se elimina de la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 26 de

agosto de 1968, la referida imposición de honorarios de abogado. *Así modificada se confirma.*

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Señor Juez Presidente y los Jueces Asociados Señores Pérez Pimentel y Dávila no intervinieron. El Juez Asociado Señor Santana Becerra emitió un voto disidente.

(Fdo.) Joaquín Berríos
*Secretario*

—O—

Voto Disidente del Juez Asociado Señor Santana Becerra
San Juan, Puerto Rico, 18 de febrero de 1970

Este es un caso en la esfera de las relaciones familiares que amerita serias consideraciones.

La Sala sentenciadora, a un abuelo que vive con su esposa en matrimonio que ha perdurado por más de cuarenta y cinco años y quien, conforme al Art. 178 del Código Civil, está en primer lugar para ejercer la tutela de la menor, le negó la custodia de ésta, de 13 años de edad a la fecha de dictarse la sentencia y quien los primeros cuatro años de su vida los vivió en el hogar de su abuelo y luego continuó en relación familiar estrecha, para dejar dicha custodia en manos del cónyuge viudo de su hija fallecida, madre de la menor, con la consecuencia adicional de que con la sentencia recurrida, y así se dispuso expresamente en la misma, se rompe la convivencia diaria de la menor y su único otro hermanito de 14 años al quedar ellos viviendo en hogares separados bajo distintas custodias.

Considerando todas las circunstancias del caso, e independientemente del alcance que en derecho tenga la expresión de un menor de optar por determinada custodia u hogar, factor éste que a mi juicio fue el decisivo para la sentencia dictada, disiento de la confirmación del fallo porque la prueba

en el récord sobre la preferencia y las motivaciones de la niña para preferir un hogar, entre ellas algunas que sugieren cierta culpa de los abuelos en la muerte por suicidio de la madre, no es para mí lo suficientemente confiable, a la luz de todas las circunstancias envueltas y de la actitud de clara hostilidad de los testigos que produjeron esa prueba hacia el hogar de los abuelos. La menor no declaró en el juicio.